**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3347-19

G.S.,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

        Submitted April 27, 2021 – Decided June 1, 2021.

        Before Judges Gilson and Gummer.

        On appeal from the New Jersey State Parole Board.

        Alison B. Weisberg, attorney for appellant.

        Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

G.S. appeals from an April 22, 2020 final agency decision by the New Jersey State Parole Board (Board), which revoked his parole status for a violation of a special condition of his parole supervision for life (PSL) and required him to return to prison for eighteen months.[1]  Appellant argues that the Board's decision is not supported by clear and convincing evidence, the Board failed to establish that he seriously or persistently violated his parole conditions, and the Board failed to demonstrate that parole revocation was desirable.  We disagree and affirm because the Board's decision was supported by clear and convincing evidence and was not arbitrary, capricious, or unreasonable.

## I.

In 2009, appellant admitted that when he was nineteen-years old, he twice had sexual intercourse with a twelve-year-old girl.  He pled guilty to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4, and was sentenced to three years in prison followed by PSL, N.J.S.A. 2C:43-6.4.  Since his initial release from prison, appellant has violated his PSL conditions on five occasions.

His most recent PSL violation resulted from his discharge from a residential treatment program known as the "Stages to Enhance Parolee Success"

---

[1]  We use initials because appellant's original conviction involved a sexual assault of a child.

(STEPs). Appellant had been required to enroll in and complete the STEPs program following his fourth violation of PSL for testing positive for the use and possession of cocaine.

In November 2019, appellant was discharged from the STEPs program for anti-social behavior. Appellant had exposed his penis and began to masturbate in front of a female program counselor. Following his discharge from the program, appellant was served with a notice of a probable-cause hearing. He waived that procedure and proceeded to a parole-revocation hearing, where he was represented by legal counsel.

At the hearing, four witnesses testified: the program counselor, his parole officer, appellant, and T.W. T.W. previously had a relationship with the program counselor and is the sister of a woman with whom appellant has a child.

The program counselor testified that on November 6, 2019, appellant had stared at her with his hands in his pants. She told appellant to go to his room, but he later returned, exposed his penis, and began to masturbate in front of her. The counselor explained that she had not previously interacted with appellant. On cross-examination, the counselor acknowledged that she had had a prior intimate relationship with T.W., but she did not know T.W. was the sister of the mother of appellant's child.

3

The parole officer testified that he interviewed appellant after his discharge from the STEPs program and appellant stated that he wanted to harm himself. Accordingly, the officer took appellant to a medical center for an evaluation. At the medical center, the officer observed appellant expose his penis to a female nurse.

Appellant denied exposing his penis or masturbating in front of the counselor. He also denied exposing himself to a nurse at the medical center and claimed he had asked for medical attention for "warts on his penis." Appellant contended that the counselor had fabricated the allegations because of his relationship with T.W.'s sister.

T.W. testified that she had had a prior relationship with the counselor, the counselor had assaulted her, and the counselor was fabricating the allegations against appellant to "get back at" her. T.W. admitted that she never had discussed appellant with the counselor, but she assumed that the counselor knew of appellant's relationship with her sister.

The hearing officer found clear and convincing evidence that appellant violated the condition of his PSL by failing to successfully complete the STEPs program. The officer also found that the violation was serious and warranted

4

the revocation of parole. Accordingly, the hearing officer recommended that appellant be incarcerated for eighteen months.

A two-member panel of the Board reviewed the record and the hearing officer's decision. The panel concurred with the hearing officer's findings and recommendation to revoke parole and required appellant to return to prison for eighteen months.

Appellant administratively appealed. On April 22, 2020, the full Board affirmed the decision by the panel. Accordingly, appellant's parole was revoked, and he was returned to prison for eighteen months.

II.

On this appeal, appellant makes three arguments, contending that (1) the Board's determination is not supported by clear and convincing evidence; (2) the violation, even if it happened, was not serious and persistent; and (3) the Board failed to demonstrate why revocation of his parole was desirable.

Our review of the Board's determination is limited. Appellate courts consider "whether there is substantial credible evidence in the record" to support the agency's determination. In re State & Sch. Emps.' Health Benefits Comm'ns' Implementation of Yucht, 233 N.J. 267, 279-80 (2018). "[I]f substantial evidence supports the agency's decision, 'a court may not substitute its own

judgment for the agency's even though the court might have reached a different result." In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). Accordingly, we defer to the decision of an administrative agency unless it "is arbitrary, capricious, or unreasonable." In re State & Sch. Emps., 233 N.J. at 279.

When the Board revokes parole, its decision must be supported by clear and convincing evidence. N.J.A.C. 10A:71-7.12(c)(1). Evidence is clear and convincing when

> the trier of fact can rest "a firm belief or conviction as to the truth of the allegations sought to be established." It must be "so clear, direct and weighty and convincing as to enable either a judge or jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue."
>
> [In re Registrant J.G., 169 N.J. 304, 330-31 (2001) (first quoting In re Purrazzella, 134 N.J. 228, 240 (1993); and then quoting In re Registrant R.F., 317 N.J. Super. 379, 384 (App. Div. 1998)).]

There was clear and convincing evidence that appellant violated the conditions of his parole. Appellant had been required to complete the STEPs program. The testimony at the hearing established that appellant violated the rules and regulations of the program by engaging in anti-social behavior.

6

There is also ample evidence supporting the Board's conclusion that the violation was serious and persistent. Appellant's discharge from the STEPs program followed his prior violation of PSL conditions for testing positive for the use of cocaine and then being found to be in possession of cocaine. The Board also considered appellant's three other prior violations of parole conditions. That history supports the Board's conclusion that appellant's most recent violation was serious and persistent.

We also reject appellant's contention that the Board failed to demonstrate why revocation of parole was desirable. The Board relied on the two-member panel's determination that appellant was not amenable to parole supervision and that revocation was desirable.

In short, the Board's decision was supported by clear and convincing evidence developed at the revocation hearing. We discern nothing arbitrary, capricious, or unreasonable in the Board's revocation of appellant's parole and requiring him to return to prison for eighteen months.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3347-19